# DANIEL WHITMORE v. OLIVER IRON MINING COMPANY.[1]

## June 9, 1911.

## Nos. 17,081—(150).

**Damages.**

In an action for personal injury, which resulted in plaintiff losing his leg between the ankle and the knee, where a verdict of $10,000 was approved by the trial court, this court *held* the amount of the verdict was not so large as to warrant interference by the court. [Reporter]

Action in the district court for St. Louis county to recover $12,000 for personal injuries. The complaint alleged that while plaintiff was cleaning out ashes under the engine, the engineer, with full knowledge of plaintiff's whereabouts and occupation, started the engine without blowing the whistle, ringing the bell or giving plaintiff any warning whatever, resulting in the injuries for which plaintiff sought to recover. The answer alleged negligence on the part of plaintiff. The reply was a general denial.

The case was tried before Dibell, J., and a jury which returned a verdict in favor of plaintiff for $10,000. The special question submitted to the jury was: "Did the plaintiff tell the engineer, George Glumack, before he went under the

[1]Reported in 131 N. W. 1135.

engine, that he was going under in such a way that Glumack understood it?" The jury's answer was: "Yes." From an order denying its motion for a new trial, defendant appealed. Affirmed.

*Baldwin & Baldwin*, for appellant.

*J. W. Reynolds*, for respondent.

PER CURIAM.

This is an appeal from an order denying a new trial after a verdict of $10,000 in favor of plaintiff in a personal injury action.

Plaintiff was a fireman on one of defendant's locomotives that was engaged in hauling from the steam shovel to the dump the refuse material at the Hartley mine. While the cars attached to the engine were being loaded, plaintiff went under the engine to clean out the ash pan, and while he was in this position the engine moved six or eight feet. Plaintiff was caught under the wheels and received injuries, chief of which was the loss of a leg between the ankle and knee. If the engineer knew or ought to have known that plaintiff was cleaning the ash pan, and nevertheless moved his engine, it was negligence, and plaintiff's right to recover is clear. This was the main question at issue, and it is not contended that the case was not for the jury, or that the verdict is not sustained by the evidence.

Defendant urges as ground for a new trial certain alleged errors in the admission of evidence, the refusal of the court to give an instruction requested, and excessive damages. There was no prejudicial error in the rulings complained of; the error, if any, in refusing the request was cured by the answer of the jury to the special question submitted; and the amount of the verdict is not so large as to warrant our interference, after it has received the approval of the trial court.

Order affirmed.